## Commonwealth v. De Marco et al.

*Marvin R. Halbert*, assistant district attorney, for Commonwealth.

*Harry M. Berkowitz* and *William A. Rahill*, for defendants.

Kun, P. J., December 8, 1954.—Defendants were jointly charged with robbery. At the trial the county detective testified that the victim had been shown pictures from the "rogues' gallery" and identified the picture of Cavalli, one of the defendants, as one of the persons who robbed him. The victim testified that both defendants and a third person robbed him. Cavalli was not represented by counsel at the trial, but counsel for De Marco informally represented Cavalli, and

moved for the withdrawal of a juror. The motion was refused and this action of the court has been assigned as the main basis for a new trial, citing the case of Commonwealth v. Blose, 160 Pa. Superior Ct. 165. While in the Blose case reference was made to a "penitentiary photograph", which was held prejudicial, requiring a new trial, we cannot say that there is any substantial distinction between that term and the term "rogues' gallery", used in the instant case. Moreover, in an earlier case, Commonwealth v. Luccitti, 295 Pa. 190, it was stated at page 199: "The fact that photographs are from the rogue's gallery should ordinarily be kept from the jury."

The conviction was sustained in that case because, as stated in the opinion, there was nothing in the record to indicate that the pictures came from the "rogues' gallery", and also the lower court stated that there were absolutely no markings on the pictures of any kind which would show that fact. In other words, there was no testimony before the jury that the pictures there involved came from the "rogues' gallery".

In the case before us, there was a direct statement that the picture involved came from the "rogues' gallery". While that statement was with reference to defendant Cavalli only, inasmuch as De Marco was jointly indicted with Cavalli and was charged by the testimony with having participated in the robbery, the prejudicial effect of the reference to the "rogues' gallery" must be held to have applied to him as well as to Cavalli. The conviction in this case rested entirely on the identification of defendants by the victim, and there were no other corroborating circumstances.

In these circumstances, reference to the picture of one of defendants as coming from the "rogues' gallery" must be held under the decisions referred to as having been of such a prejudicial nature as to require the granting of a new trial to defendants.